IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01982-LTB

BYRON KYLE GAY,

    Plaintiff,

v.

DANNY ROJAS,
KRIS KRONCKE,
JOHN DOE (Police Officer) #1,
JOHN DOE (Police Officer) #2,
JOHN DOE (Police Officer) #3,
JOHN DOE (Police Officer) #4,
JOHN DOE (Police Officer) #5, and
OTHERS TO BE NAMED LATER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 8 2011

GREGORY C. LANGHAM
                 CLERK

## ORDER DENYING MOTIONS

Plaintiff, Byron Kyle Gay, filed *pro se* on September 23, 2011, a Motion to Reconsider (Doc. #7) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on September 13, 2011. Mr. Gay also filed a Motion to Show Cause (Doc. #8) asking to be allowed to proceed without paying an initial partial filing fee. The Court must construe the motions liberally because Mr. Gay is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Gay's Motion to Reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the instant action without prejudice because Mr. Gay failed either to pay the designated initial partial filing fee or to show cause as directed why he was unable to pay the designated initial partial filing fee. On August 5, 2011, Magistrate Judge Boyd N. Boland granted Mr. Gay leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(b)(1), Magistrate Judge Boland ordered Mr. Gay either to pay an initial partial filing fee of $22.00 or to show cause why

he has no assets and no means by which to pay the initial partial filing fee. In order to show cause, Mr. Gay was directed to file a current certified copy of his inmate trust fund account statement. Mr. Gay was warned that the complaint and the action would be dismissed without further notice if he failed either to pay the initial partial filing fee or to show cause as directed within thirty days.

On August 18, 2011, Mr. Gay submitted for filing a Motion to Show Cause (Doc. #4) arguing that he lacked sufficient funds to pay the designated initial partial filing fee, and he attached to the motion a copy of his inmate trust fund account statement that indicated the available balance in his account on August 18, 2011, was $6.27. However, the account statement Mr. Gay submitted on August 18 was not certified by a prison official as required by Magistrate Judge Boland's August 5 order. Therefore, on September 13, 2011, the Court entered an order dismissing this action because Mr. Gay had failed within the time allowed either to pay the designated initial partial filing fee or to show cause as directed why he was unable to pay the designated initial partial filing fee.

With respect to the initial partial filing fee and certified trust fund account statement, Mr. Gay alleges in the Motion to Reconsider that he cannot afford to pay the designated initial partial filing fee at one time and that he mistakenly believed the account statement he submitted on August 18 was sufficient to show cause why he was unable to pay. Mr. Gay also alleges in the Motion to Show Cause filed on September 26, 2011, that he lacks sufficient funds to pay the initial partial filing fee, and he attached to the motion a certified copy of his inmate trust fund account statement that indicates the available balance in his account on September 16, 2011, was $2.74.

3

On consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Gay fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The account statement Mr. Gay submitted with his original motion seeking leave to proceed *in forma pauperis* in this action was certified by a prison official (**see** Doc. #2 at 6) and, when he was granted leave to proceed *in forma pauperis* and ordered to pay an initial partial filing fee, Mr. Gay specifically was advised that he could show cause why he was unable to pay the designated initial partial filing fee only by filing a current certified copy of his inmate trust fund account statement. In light of this explicit directive, Mr. Gay provides no justification for his belief that an uncertified account statement would be sufficient to show cause.

Furthermore, Mr. Gay's contention that he is unable to pay the designated initial partial filing fee of $22.00 at one time is not supported by the record before the Court. Although the certified account statement Mr. Gay submitted on September 26 shows that he lacked sufficient funds to pay the designated initial partial filing fee on September 16, 2011, the account statement also shows that he could have paid the designated initial partial filing fee in this action because the available balance in his inmate trust fund account on September 7, 2011, was $25.09. (**See** Doc. #8 at 4.) The certified account statement also shows that Mr. Gay made a canteen purchase in the amount of $20.35 on September 14, 2011, that reduced the available balance in his inmate trust fund account below the amount necessary to pay the designated initial partial filing fee. Mr. Gay's decision to make a canteen purchase rather than pay the designated initial partial filing fee persuades the Court that reconsideration of the order

4

dismissing this action is not appropriate. Therefore, the Motion to Reconsider will be denied. The Motion to Show Cause also will be denied. Accordingly, it is

ORDERED that the Motions to Reconsider (Doc. #7) filed on September 23, 2011, is denied. It is

FURTHER ORDERED that the Motion to Show Cause (Doc. #8) filed on September 26, 2011, is denied.

DATED at Denver, Colorado, this __28th__ day of ___September___, 2011.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01982-BNB

Byron Kyle Gay
Prisoner No. 57321
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 28, 2011.

                                      GREGORY C. LANGHAM, CLERK

                                      By: _____
                                                    Deputy Clerk